***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner DeLuca. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner DeLuca and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the North Carolina Industrial Commission and the North Carolina Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer/Employee relationship existed between Employee-Plaintiff and Employer-Defendant at all times relevant to this case.
3. AmComp Assurance provided Employer-Defendant with workers' compensation coverage at all relevant times herein.
4. Employee-Plaintiff's average weekly wage is $680.00.
5. Employee-Plaintiff sustained an injury to a digit or digits on his right hand on or about March 7, 2002.
6. The injury to Employee-Plaintiff's right hand, digit or digits arose out of and in the course and scope of employment and is compensable.
7. On October 10, 2003, Dr. Hillsgrove assigned a ten percent (10%) permanent partial impairment rating to the right middle finger.
8. On June 26, 2003, Employee-Plaintiff was assigned a nine percent (9%) permanent partial impairment rating to the right hand by Dr. Stephen Shaffer, who performed an independent medical examination.
9. On July 1, 2003, Dr. Hillsgrove was asked by Plaintiff's attorney to adjust his rating from the finger to the hand.
10. On July 31, 2003, Dr. Hillsgrove was again requested to change his rating from the finger to the hand by Plaintiff's counsel.
11. On August 18, 2003, Dr. Hillsgrove changed his rating from a ten percent (10%) permanent partial impairment rating to the right middle finger to a nine percent (9%) permanent partial impairment to the right hand.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. While working for the defendant-employer on March 7, 2002, plaintiff was injured when the middle finger on his right hand was caught in and cut by a grinding wheel. Defendants accepted compensability of this claim. Plaintiff has been provided with all benefits to which he is due except for compensation for any permanent partial impairment.
2. Dr. David Hillsgrove performed a repair of the extensor tendon laceration of the middle finger of plaintiff's right hand on March 7, 2002 at Lake Norman Regional Medical Center.
3. Plaintiff followed up with Dr. Hillsgrove regarding his right middle finger injury and underwent a short course of physical therapy for his right middle finger at Lake Norman Rehabilitation beginning on March 8, 2002. According to Dr. Hillsgrove, the goal of plaintiff's physical therapy was to obtain full use of his right middle finger.
4. On April 9, 2002, Dr. Hillsgrove examined plaintiff and noted that he had no difficulty straightening his right middle finger, but did have limited bending of that finger. Dr. Hillsgrove did not note any problems with any other fingers.
5. On May 7, 2002, Dr. Hillsgrove placed plaintiff at maximum medical improvement on and rated his right middle finger at five percent (5%) permanent partial impairment.
6. Plaintiff requested that Dr. Hillsgrove re-evaluate his right middle finger and on October 10, 2002 Dr. Hillsgrove examined plaintiff's right middle finger. Dr. Hillsgrove increased Employee-Plaintiff's rating to ten percent (10%) permanent partial impairment of the right middle finger due to loss of range of flexion of that finger.
7. Plaintiff has not been treated by Dr. Hillsgrove, or any other physician, for his right middle finger injury since May 7, 2002.
8. Plaintiff underwent an evaluation for a second opinion on the rating by Dr. Stephen Shaffer on June 26, 2003. Dr. Shaffer gave plaintiff a nine percent (9%) permanent partial impairment rating to the right hand, based on a marked loss of grip strength and stamina in the hand.
9. On July 1, 2003, counsel for plaintiff sent a letter to Dr. Hillsgrove stating, "I enclose a copy of a second opinion we scheduled for Mr. McAdams. In that opinion, you will note that the physician rating indicated a rating to the hand, as opposed to the digit alone was most appropriate. The North Carolina Industrial Commission will not be able to average ratings given to different body parts. As such, we are requesting that you assign an applicable impairment rating to the hand, so that I may bring this claim to a conclusion for Mr. McAdams."
10. On July 31, 2003, plaintiff's counsel sent another letter to Dr. Hillsgrove which stated, "To date I have not received the addendum we requested. My client and I appreciate the time it will take to do this, but time is now of the essence. If we do not receive the addendum in the next week or so I will have to schedule a deposition to get the requested information."
11. On August 18, 2003, Dr. Hillsgrove responded to plaintiff's counsel's correspondence with a letter in which he agreed that plaintiff's impairment would be equivalent to a nine percent (9%) impairment rating of the right hand.
12. Dr. Hillsgrove testified that he believed that a rating to the finger only was most appropriate. Further, Dr. Hillsgrove only revised his rating to apply to the hand after repeated contact from plaintiff's counsel.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission Ratings Guide is to be used by physicians as a reference tool with respect to assigning an impairment rating pursuant to N.C. Gen. Stat. § 97-31.
2. The ratings guide provides that "[t]he individual member is to be rated. If damage is limited to the digits distal to the metacarpophalangeal joint, then the digit itself should be rated." North Carolina Industrial Commission Ratings Guide, p. 14. Therefore, a rating as to the loss of the finger is appropriate.
3. N.C. Gen. Stat. § 97-31(3) provides for disability compensation of forty (40) weeks for the loss of the second (middle) finger.
4. Defendants had reasonable grounds to defend this case; therefore, an award of attorney fees to Plaintiff under N.C. Gen. Stat. § 97-88.1 is not appropriate
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff is entitled to compensation for a ten percent (10%) permanent partial impairment to the second (middle) finger. Pursuant to N.C. Gen. Stat. § 97-31(3), Plaintiff is entitled to compensation for ten percent (10%) of 40 weeks. (4 weeks) Using an average weekly wage of $680.00 and compensation rate of $453.33, Plaintiff is entitled to compensation in the amount of $1,813.32.
2. Plaintiff is not entitled to sanctions of any kind against Defendants.
3. Counsel for plaintiff is awarded an attorney fee of twenty-five percent (25%) in this matter. That amount shall be deducted from the amount due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the ___ day of January, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER